# UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| OMORPHO INC.,<br><br>*Plaintiff,*<br><br>*v.*<br><br>UNITED STATES OF AMERICA;<br><br>U.S. CUSTOMS AND BORDER PROTECTION; *and*<br><br>RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>*Defendants.* | : | No. 26-3756 |

## COMPLAINT

Plaintiff, OMORPHO INC., brings this action against the United States of America, U.S. Customs and Border Protection (CBP), and Rodney S. Scott, in his official capacity as Commissioner of CBP, as follows:

1. Through a series of executive orders, President Donald J. Trump invoked the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701 *et seq.*, as authority to impose new tariffs (the "IEEPA tariffs") on most goods imported from most foreign countries, effective at various times between February 4, 2025 and February 23, 2026.

2. The IEEPA tariffs are unlawful because "IEEPA does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 2026 U.S. LEXIS 714, at *35 (Feb. 20, 2026).

3. Plaintiff is a U.S. importer of record of merchandise subject to IEEPA tariffs that was responsible for paying, and has paid, to CBP duties under the IEEPA tariffs ("IEEPA duties") on its imported merchandise.

4. Through this action, Plaintiff asks the Court to hold, with respect to Plaintiff, that the IEEPA tariffs are unlawful, and to order Defendants to refund to Plaintiff the IEEPA duties it paid to CBP.

5. This separate action is necessary because although the Supreme Court has held the IEEPA tariffs unlawful, importers of record that have paid IEEPA duties, including Plaintiff, may not be guaranteed a refund for those unlawfully collected duties in the absence of their own judgment and judicial relief.

6. Accordingly, for itself, Plaintiff seeks (i) a declaration and final judgment that the IEEPA duties are unlawful, and (ii) the award of a full refund, with interest as provided by law, of all IEEPA duties collected from Plaintiff to date.

## PARTIES

7. Plaintiff, OMORPHO INC., is a U.S. corporation organized under the laws of the State of Oregon, with its principal place of business in the State of Oregon.

8. Defendant the United States of America is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1), and collected the disputed IEEPA duties.

9. Defendant CBP is a component agency of the U.S. Department of Homeland Security (DHS) that is responsible for collecting duties and taxes on merchandise imported into the United States.

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

## JURISDICTION AND STANDING

11. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i)(1). *See Learning Res.*, 2026 U.S. LEXIS 714, at *15 n.1.

12. This Court has the same powers at law, in equity, and as conferred by statute as a U.S. district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. *Id.* § 2643(a)(1), (c)(1).

13. Plaintiff has standing to bring and is entitled to commence this action because it was the importer of record for goods imported into the United States from countries subject to the IEEPA tariffs. As a result of the executive orders challenged by this lawsuit, Plaintiff has been required to pay, and has paid, unlawful IEEPA duties to the United States through CBP and thus has suffered injury caused by those orders. A determination that the IEEPA tariffs are unlawful and a judgment awarding refunds of IEEPA duties to Plaintiff would redress those injuries. 5 U.S.C. § 702; 28 U.S.C. § 2631(*i*).

14. This action has been timely commenced within two years after the effective date of the executive orders implementing the IEEPA tariffs, and within two years after Plaintiff first paid IEEPA tariffs, *i.e.*, within two years after the cause of action first accrued. *See* 28 U.S.C. § 2636(i).

## BACKGROUND

### I. The President imposes the IEEPA tariffs by executive order.

15. The U.S. Constitution provides that Congress "shall have Power To lay and collect … Duties," U.S. Const. art. I, § 8, cl. 1, and "To regulate Commerce with foreign Nations," *id.* cl. 3., which clauses are understood to include the power to impose tariffs.

16. IEEPA delegates to the President from Congress the authority to "regulate … importation" of "any property in which any foreign country or a national thereof has any interest" to "deal with an unusual and extraordinary threat with respect to which a national emergency has been declared." 50 U.S.C. §§ 1701(b), 1702(a)(1)(B).

17. Beginning on February 1, 2025, and effective as early as February 4, 2025, the President issued six executive orders imposing tariffs on certain imported goods, each of which cited IEEPA as authority to declare a national emergency and to impose tariffs in response. Each IEEPA order directed implementing changes to Chapter 99 of the Harmonized Tariff Schedule of the United States (HTS), 19 U.S.C. § 1202, requiring that goods subject to the IEEPA tariffs be entered under new Chapter 99 tariff codes.

18. On February 1, 2025, the President issued three executive orders that "invoke[d] [his] authority under section 1702(a)(1)(B) of IEEPA" to impose tariffs of up to 25 percent on imports from Canada, Mexico, and China, each citing and declaring a "national emergency with respect to the grave threat to the United States posed by the influx of illegal aliens and illicit drugs into the United States" and by each respective government's "failure to act" to combat the threat. Executive Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 7, 2025) (Canada); Executive Order 14194, *Imposing Duties to Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 7, 2025) (Mexico); Executive Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025) (China) (collectively, the "Trafficking IEEPA Orders"). The President amended the Trafficking IEEPA Orders, including the tariff rates they imposed, in subsequent orders.

19. On April 2, 2025, the President issued another executive order, this time citing and declaring a "national emergency arising from conditions reflected in large and persistent annual U.S. goods trade deficits" as justification to impose a 10 percent baseline tariff on nearly all imports to the United States, and additional "reciprocal" tariffs on 57 countries, for a total ranging up to 50 percent. Executive Order 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025) (the "Reciprocal IEEPA Order"). The President amended or temporarily suspended the Reciprocal IEEPA Order, including the tariff rates it imposed, in subsequent orders.

20. Later that year, the President issued two separate executive orders declaring national emergencies for the threats posed by "the scope and gravity of the recent policies, practices, and actions of the Government of Brazil" and India's importation of Russian oil despite "the actions taken against Ukraine by the Government of the Russian Federation" as justification to impose tariffs on goods of Brazil and India, respectively, at a rate of up to 40 percent. Executive Order 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (July 30, 2025); Executive Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 6, 2025) (collectively, the "Country-Specific IEEPA Orders"). The President amended the Country-Specific IEEPA Orders in subsequent orders.

## II. CBP collects IEEPA duties from Plaintiff and entries become finally liquidated.

21. CBP is charged with the collection and assessment of duties, consistent with the classifications and rates established by the HTS. *See* 19 U.S.C. §§ 1500, 1502; 19 C.F.R. § 152.11.

22. Importers of record must deposit and pay estimated duties on imported merchandise at the time of entry, consistent with the classifications and rates established by the HTS. 19 U.S.C. §§ 1484, 1505(a).

23. From on or after February 4, 2025 through no later than February 23, 2026, Plaintiff imported goods into the United States subject to IEEPA tariffs under Chapter 99 of the HTS, as directed by one or more of the IEEPA Orders.

24. Plaintiff, as importer of record, and as required by CBP, deposited with and paid to CBP IEEPA duties upon such entries.

25. As of the date of this Complaint, more than 90 days has passed since at least one entry on which IEEPA duties were deposited and paid was liquidated.

**III. The Supreme Court holds the IEEPA tariffs unlawful and CBP ceases collection of IEEPA duties.**

26. On May 28, 2025, a three-judge panel of this Court held that IEEPA does not authorize the tariffs imposed by the Trafficking and Reciprocal IEEPA Orders, and held those tariffs unlawful. *See V.O.S. Selections, Inc. v. Trump*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025). On August 29, 2025, the Federal Circuit affirmed this Court's judgment but stayed its order pending Supreme Court review. *See V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025) (en banc).

27. On February 20, 2026, the U.S. Supreme Court affirmed the Federal Circuit's judgment in *V.O.S. Selections*, stating that the tariffs imposed by the Trafficking and Reciprocal IEEPA Orders are unlawful because "IEEPA does not authorize the President to impose tariffs." *Learning Res.*, 2026 U.S. LEXIS 714, at *35.

28. In response to the Supreme Court's decision in *V.O.S. Selections*, on February 20, 2026, the President issued an executive order rescinding all IEEPA tariffs, including those imposed

by the Trafficking, Reciprocal, and Country-Specific IEEPA Orders (collectively, the "IEEPA Orders"). Executive Order 14389, *Ending Certain Tariff Actions*, 91 Fed. Reg. 9437 (Feb. 25, 2026). CBP ceased collecting IEEPA duties as of 12:00 a.m. eastern time on February 24, 2026. See Cargo Systems Messaging Service (CSMS) Message 67834313, *Ending Collection of International Emergency Economic Powers Act Duties* (CBP Feb 22, 2026).

**IV. The CIT orders refunds of all IEEPA duties to litigants.**

29. On December 15, 2025, a three-judge panel of this Court ruled that it "has the authority to order the reliquidation" of entries on which duties under the Trafficking and Reciprocal IEEPA Orders were paid, noting that the Defendants are "judicially estopped" from changing their expressed position that they "'will not object to the court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful.'" *AGS Co. Auto. Solutions v. CBP*, slip op. 25-154, at 3, 8 (citation omitted).

30. The Court further decided that where parties "challenge the legality … of Executive Orders issued by the President" a "protest would be futile because 'all that [CBP] is authorized to do is collect the' duty." *Id.* at 7 (citation omitted).

31. On January 14, 2026, the same panel of this Court "confirm[ed]" the Defendants' representations that they "'do[] not intend to challenge the courts' authority to order reliquidation' in any IEEPA tariff case 'challenging IEEPA tariffs in a manner and on grounds that substantially overlap with' *V.O.S. Selections* … , including those challenging 'IEEPA tariffs imposed on Brazil and India that are not at issue in *AGS* or *V.O.S.*'"—*i.e.*, tariffs imposed by the Country-Specific IEEPA Orders—and "its stipulation 'should apply to all current and future similarly situated plaintiffs.'" *AGS Co.*, No. 25-255, Dkt. 35.

32. On April 17, 2026, this Court issued an order in *V.O.S. Selections* directing "that, with respect to any and all unliquidated entries that were entered subject to IEEPA duties, U.S.

Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties. Any liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties. Any liquidated entries for which liquidation is final shall be reliquidated without regard to the IEEPA duties." *V.O.S. Selections*, No. 25-66, Dkt. 82, at 3.

33. Beginning on July 15, 2026, this Court filed orders in individual cases directing "that U.S. Customs and Border Protection shall reliquidate, without regard to IEEPA duties, any and all of [the plaintiff's] entries that have been liquidated for more than 80 days and on which [the plaintiff] made estimated deposits pursuant to IEEPA." *E.g., Princess Awesome, LLC v. CBP*, No. 25-78, Dkt. 25, at 4. The order explained that "the Government has represented that it will refund estimated IEEPA duty deposits to Plaintiffs that challenge the duties in court." *Id.* at 2.

**<u>COUNT I</u>**
**THE IEEPA ORDERS ARE ULTRA VIRES**

34. Plaintiff incorporates paragraphs 1 through 33 above by reference.

35. The Supreme Court has held that the tariffs imposed by the Trafficking and Reciprocal IEEPA Orders are unlawful because "IEEPA does not authorize the President to impose tariffs." *Learning Res.*, 2026 U.S. LEXIS 714, at *35.

36. The tariffs imposed by the Country-Specific IEEPA Orders, which also invoke IEEPA as authority, are unlawful for the same reason.

37. Defendants have represented that they do not and will not oppose the reliquidation of entries of merchandise subject to unlawful IEEPA tariffs and accordingly will issue refunds, with interest as provided by law, provided that the importer challenges the duties in court.

38. Plaintiff respectfully requests that this Court apply the Supreme Court decision to declare that the IEEPA Orders are unlawful as to Plaintiff and to order refunds, with interest as provided by law, of all IEEPA duties collected from Plaintiff.

## COUNT II
## DECLARATORY RELIEF, 28 U.S.C. § 2201

39. Plaintiff incorporates paragraphs 1 through 38 above by reference.

40. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

41. Plaintiff's claims present an actual controversy as to the President's authority under IEEPA and the authority of CBP to implement and collect the duties resulting from the IEEPA Orders.

42. Plaintiff is an importer of record and has suffered injury by unlawfully having been required to pay IEEPA duties as a result of the IEEPA Orders on goods it has imported into the United States.

43. This Court can and should exercise its power to enter a declaratory judgment that the IEEPA Orders are unlawful for the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff, and order refunds, with interest as provided by law, of all IEEPA duties collected from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) declare that the President lacks authority under IEEPA to impose tariffs;

(b) declare that the IEEPA Orders are *ultra vires* and void *ab initio* with respect to Plaintiff;

(c) declare that CBP lacks authority to implement and collect any tariffs set out in the HTS that are based on the IEEPA Orders;

(d) order CBP to reliquidate without IEEPA duties all liquidated entries subject to IEEPA duties;

(e) order CBP to liquidate without IEEPA duties all unliquidated entries subject to IEEPA duties;

(f) order the United States to refund to Plaintiffs all IEEPA duties collected from Plaintiff, with interest as provided by law;

(g) award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

(h) grant such further relief as this Court deems proper.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Russell A. Semmel
Russell A. Semmel
Burt Braverman

1301 K Street NW, Suite 500 East
Washington, D.C. 20005-3317
(202) 973-4285
russellsemmel@dwt.com

*Attorneys for Plaintiff*

Dated: August 25, 2026